IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ADAORAH ABOR-WATSON, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) ) )  CIVIL ACTION NO. 2:06:287-VPM |
| GWEN M. COOPER, M.D.; EAST ALABAMA WOMEN'S CLINIC, PC, | ) ) ) ) |
| Defendants. | ) ) |

## ANSWER

COME NOW the defendants identified in the Complaint as GWEN M. COOPER, M.D. and EAST ALABAMA WOMEN'S CLINIC, PC, separately and severally, and for answer to the Complaint of plaintiff say as follows:

### PARAGRAPH 1

These defendants do not dispute the identity of the plaintiff as set forth in paragraph 1 of her Complaint at this time.

### PARAGRAPH 2

These defendants admit that Dr. Gwen M. Cooper was, at all times pertinent to this lawsuit, a licensed physician practicing in the specialty of obstetrics and gynecology.

### PARAGRAPH 3

These defendants admit the averment set forth in paragraph 3 of the plaintiff's Complaint.

{B0593721}                                   1

## PARAGRAPH 4

These defendants do not contest service at this time.

## PARAGRAPH 5

These defendants admit the averments set forth in paragraph 5 of the plaintiff's Complaint.

## PARAGRAPH 6

These defendants do not contest service at this time.

## PARAGRAPH 7

These defendants deny the averments set forth in paragraph 7 of the plaintiff's Complaint as stated. However, these defendants do not dispute the existence of an agency relationship between Dr. Cooper and East Alabama Women's Clinic relative to the care rendered to the plaintiff.

## PARAGRAPH 8

These defendants do not contest jurisdiction at this time.

## PARAGRAPH 9

These defendants do not contest jurisdiction at this time.

## PARAGRAPH 10

These defendants do not contest venue at this time.

## PARAGRAPH 11

These defendants deny the averments set forth in paragraph 11 of plaintiff's Complaint. However, these defendants admit that the claims set forth in the plaintiff's

Complaint are governed by the Alabama Medical Liability Act, ALABAMA CODE § 6-5-480, *et seq.*

### PARAGRAPH 12

These defendants deny the averments set forth in paragraph 12 of plaintiff's Complaint. However, these defendants admit that the claims set forth in the plaintiff's Complaint are governed by the Alabama Medical Liability Act, ALABAMA CODE § 6-5-480, *et seq.*

### PARAGRAPH 13

These defendants admit the averments set forth in paragraph 13 of plaintiff's Complaint.

### PARAGRAPH 14

These defendants admit the averments set forth in paragraph 14 of plaintiff's Complaint.

### PARAGRAPH 15

These defendants deny the averments set forth in paragraph 15 of plaintiff's Complaint.

### PARAGRAPH 16

These defendants admit the averments set forth in paragraph 16 of plaintiff's Complaint.

## PARAGRAPH 17

These defendants admit the averments set forth in paragraph 17 of plaintiff's Complaint, but do not have sufficient information at this time to verify the timing of the plaintiff's presentation to East Alabama Medical Center.

## PARAGRAPH 18

These defendants admit the averments set forth in paragraph 18 of plaintiff's Complaint.

## PARAGRAPH 19

These defendants admit the averments set forth in paragraph 19 of plaintiff's Complaint.

## PARAGRAPH 20

These defendants admit that plaintiff was examined by Dr. Bonita C. Jones who recommended admission to East Alabama Medical Center, but do not have sufficient information at this time to verify the time of plaintiff's admission to East Alabama Medical Center.

## PARAGRAPH 21

These defendants admit that the plaintiff was admitted on April 1, 2004 for probable endometriosis with retained products and that Dr. Cooper considered the clinical findings of persistent fever and the ultrasound in evaluating this patient and making her diagnosis. Otherwise, the averments set forth in paragraph 21 are denied.

## PARAGRAPH 22

These defendants admit the averments set forth in paragraph 22 of plaintiff's Complaint.

## PARAGRAPH 23

These defendants admit the averments set forth in paragraph 23 of plaintiff's Complaint.

## PARAGRAPH 24

These defendants admit the averments set forth in paragraph 24 of plaintiff's Complaint.

## PARAGRAPH 25

These defendants admit the averments set forth in paragraph 25 of plaintiff's Complaint.

## PARAGRAPH 26

These defendants admit that Dr. Cooper saw plaintiff in the clinic on April 20, 2004. Otherwise, these defendants deny the averments set forth in paragraph 26.

## PARAGRAPH 27

These defendants deny the averments set forth in paragraph 27.

## PARAGRAPH 28

These defendants are without sufficient information to admit or deny at this time.

## PARAGRAPH 29

These defendants are without sufficient information to admit or deny at this time.

**PARAGRAPH 30**

These defendants are without sufficient information to admit or deny at this time.

**PARAGRAPH 31**

These defendants are without sufficient information to admit or deny at this time.

**PARAGRAPH 32**

These defendants are without sufficient information to admit or deny at this time.

**PARAGRAPH 33**

No response required.

**PARAGRAPH 34**

These defendants admit the averments set forth in paragraph 34 of plaintiff's Complaint.

**PARAGRAPH 35**

These defendants deny the averments set forth in paragraph 35 of plaintiff's Complaint.

**PARAGRAPH 36**

These defendants deny the averments set forth in paragraph 36 of plaintiff's Complaint.

**PARAGRAPH 37**

These defendants deny the averments set forth in paragraph 37 of plaintiff's Complaint.

## PARAGRAPH 38

No response required.

## PARAGRAPH 39

While these defendants do not contest an agency relationship between Dr. Cooper and East Alabama Women's Clinic relative to the care rendered to plaintiff by Dr. Cooper, these defendants deny all allegations of negligence and/or medical malpractice, and deny that such alleged negligence and/or medical malpractice proximately caused or contributed to any injuries or damages claimed by the plaintiff.

## PARAGRAPH 40

These defendants deny the averments as set forth in paragraph 40 of plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The plaintiff's claims are barred by the applicable statutes of limitations and repose.

### THIRD DEFENSE

These defendants plead not guilty.

### FOURTH DEFENSE

These defendants plead the general issue.

**FIFTH DEFENSE**

These defendants deny the material allegations of the Complaint and deny that they breached any standard of medical care or duty owed to the plaintiff. These defendants assert that they discharged any duty owed to the plaintiff by the defendants appropriately and in accordance with accepted standards of medical care. These defendants further deny that any alleged injury suffered by the plaintiff was a product of any negligent act or omission on the part of Dr. Cooper.

**SIXTH DEFENSE**

As an affirmative defense to the claim, the defendants assert the provisions, separately and severally, of the Alabama Medical Liability Act, the Alabama Medical Liability Act of 1987, and the Alabama Medical Liability Act of 1996, and specifically plead in defense to this action and assert the applicability of the provisions of §§ 6-5-480, 6-5-481, 6-5-482, 6-5-483, 6-5-484, 6-5-485, 6-5-486, 6-5-487, 6-5-488, 6-5-540, 6-5-541, 6-5-542, 6-5-543, 6-5-544, 6-5-545, 6-5-546, 6-5-547, 6-5-548, 6-5-549, 6-5-549.1, 6-5-550, 6-5-551, and 6-5-552 of the ALABAMA CODE.

**SEVENTH DEFENSE**

While the defendants deny that plaintiff is entitled to any relief against them, the defendants hereby assert the provisions of § 6-5-543 and give notice that any recovery against the defendants can only be had in accordance with and subject to the provisions of § 6-5-543 of the ALABAMA CODE.

## EIGHTH DEFENSE

While the defendants deny that the plaintiff is entitled to any relief against them, the defendants hereby assert the provisions of § 6-5-544 of the ALABAMA CODE and give notice that any recovery against them can only be had in accordance with and subject to the provisions of § 6-5-544 of the ALABAMA CODE.

Section 6-5-544 sets forth limitations in regard to the recovery of non-economic losses. In particular, § 6-5-544 provides that:

> In no action shall the amount of recovery for non-economic losses, including punitive damages, either to the injured plaintiff, the plaintiff's spouse, or other lawful dependents or any of them together exceed the sum of $400,000. Plaintiff shall not seek recovery in any amount greater than the amounts described herein for non-economic losses . . . .

ALABAMA CODE § 6-5-544(b) (1993).

The Alabama Supreme Court declared § 6-5-544 unconstitutional in *Moore v. Mobile Infirmary Ass'n.*, 592 So. 2d 156 (Ala. 1991). Defendants hereby aver that *Moore* was wrongfully decided and would incorporate herein by reference the descent of Justice Maddox. *Moore*, 592 So. 2d at 178-183. Defendants further aver that § 6-5-554 does not violate article 1, section 11 of the Alabama Constitution of 1901 in that the state has the right to declare the maximum amount a jury can award for non-economic losses and punitive damages. Defendants further aver that § 6-5-544 does not violate article 1, section 1, 6, and 22 of the Alabama Constitution of 1901.

Defendants hereby assert the constitutionality of § 6-5-544 and, although the defendants deny the plaintiff is entitled to any recovery against them, assert that any recovery against them must comply with those provisions.

## NINTH DEFENSE

These defendants hereby demand a trial by jury.

s/ George E. Newton
Michael K. Wright  ASB: 6338-G40M
George E. Newton, II  ASB: 7895-E32N
Attorneys for Gwen M. Cooper, M.D. and
East Alabama Women's Clinic, PC

OF COUNSEL:
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama, 35259-8512
(205) 868-6000

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kenneth L. Funderburk, Esq.
P.O. Box 1268
1313 Broad Street
Phenix City, AL  36868-1268

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Daniel A. Ragland, Esq.
Resurgens Plaza, Suite 2250
945 East Paces Ferry Road, NE
Atlanta, GA  30326

        Respectfully submitted,


        <u>s/George E. Newton, II</u>
        George E. Newton, II
        Bar No.:  ASB-7895-E32N
        Starnes & Atchison, LLP
        P.O. Box 598512
        Birmingham, AL  35259
        Telephone:  205.868.6000
        Facsimile:  205.868.6099
        E-mail:  GNewton@starneslaw.com