IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ADAOORAH ABOR-WATSON,<br><br>    Plaintiff,<br><br>vs.<br><br>GWEN M. COOPER, M.D.; EAST ALABAMA WOMEN'S CLINIC, PC,<br><br>    Defendants. | CIVIL ACTION NO. 2:06:287-VPM |

## CONSENT HIPAA ORDER

Upon compliance with Alabama and federal law, the attorneys for the parties and/or *pro se* parties to this lawsuit are permitted to obtain all health information, including charges therefor, relating to Adaorah Abor-Watson. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama and Federal law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Subject to the applicable provisions of Alabama and federal law pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any healthcare providers, health plan administrators, or other individuals in connection with the aforesaid mentioned health information and payments thereof (such information collectively referred to hereafter as "protected health information"). Such healthcare provider, health plan administrator, or other individual may grant or deny a request for an interview.

**This Court authorizes any third-party who is provided with a subpoena**

**requesting the production of documents or commanding attendance at deposition or trial to disclose Protect Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family. Nothing in this Order permits disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit, or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

DONE and ORDERED this 29th day of June, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

cc:

Kenneth L. Funderburk, Esq.
P.O. Box 1268
1313 Broad Street
Phenix City, AL  36868-1268

Daniel A. Ragland, Esq.
Andrew Goldner, Esq.
Resurgens Plaza, Suite 2250
945 East Paces Ferry Road, NE
Atlanta, GA  30326

Michael K. Wright, Esq.
George E. Newton, II, Esq.
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama, 35259-8512