# In the United States District Court

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

**ADAORAH ABOR-WATSON,**

   **Plaintiff,**

v.

**GWEN M. COOPER, M.D., EAST ALABAMA WOMEN'S CLINIC, P.C.,**

   **Defendant.**

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:   3:06cv287-VPM

TO:  Dr. William Roberts
c/o Daniel A Ragland, Esq.
Andrew E. Goldner, Esq.
Ragland & Jones LLP
115 Perimeter Center Place, Suite 425
Atlanta, Georgia 30346

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| The Wingate Inn<br>4325 Hamilton Blvd<br>Allentown, PA 18103 | Friday, May 18, 2007<br><br>1:00 pm EST |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Exhibit A**

| PLACE | DATE AND TIME |
| --- | --- |
| The Wingate Inn<br>4325 Hamilton Blvd<br>Allentown, PA 18103 | Friday, May 18, 2007<br><br>1:00 pm EST |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

EXHIBIT A

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* for For Defendants | DATE 5.11.07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael K. Wright, Esq.
Starnes & Atchison LLP
100 Brookwood Place
Birmingham, AL 35205
(205) 868 - 6000

See Rule 45, Federal Rules Civil Procedure, Parts C & D attached

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) |  | TITLE |

## Declaration of Server

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE                SIGNATURE OF SERVER

                    ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

  (i) fails to allow reasonable time for compliance;

  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly

transactions business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| ADAORAH ABOR-WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION NO. 3:06cv287-WC |
| GWEN M. COOPER, M.D.; EAST ALABAMA WOMEN'S CLINIC, PC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## RE-NOTICE OF DEPOSITION OF WILLIAM ROBERTS, M.D.

TO:  William Roberts, M.D.
c/o Daniel A. Ragland, Esq.
Ragland & Jones, LLP
South Terraces, Suite 425
115 Perimeter Center Place
Atlanta, GA 30346

PLEASE TAKE NOTICE that **Gwen M. Cooper, MD and East Alabama Women's Clinic, PC** will take the deposition of the persons named below, upon oral examination at the time and place designated below, pursuant to the *Federal Rules of Civil Procedure*. The deposition will be taken before a notary public or other person authorized by law to administer oaths, will be stenographically recorded, and will continue from day to day until completed. The parties are invited to attend and cross-examine.

DEPOSITION OF:  William Roberts, M.D.

TIME:  1:00 p.m. EST

DATE:  Friday, May 18, 2007

LOCATION:  The Wingate Inn
4325 Hamilton Boulevard
Allentown, PA 18103

The deponent and the plaintiff's attorney are requested to produce at the deposition the documents specified in Exhibit "A" attached hereto.

{B0710141}

_____ /for
Michael K. Wright, Esq.
Attorney for Gwen M. Cooper,
MD and East Alabama Women's
Clinic, PC

OF COUNSEL:
STARNES AND ATCHISON LLP
Seventh Floor, 100 Brookwood Place
P.O. Box 598512
Birmingham, Alabama 35259-8512
(205) 868-6000

## CERTIFICATE OF SERVICE

I hereby certify that I have this 11th day of May, 2007, served a copy of the foregoing on all counsel by mailing same to each by U.S. Mail, postage prepaid and properly addressed.

_____
OF COUNSEL

cc:
Kenneth L. Funderburk, Esq.
Funderburk, Day & Lane
P.O. Box 1268
1313 Broad Street
Phenix City, AL 36868-1268

Daniel A. Ragland, Esq.
Ragland & Jones, LLP
South Terraces, Suite 425
115 Perimeter Center Place
Atlanta, GA 30346

{B0710141}

## EXHIBIT A

1. A copy of any and all memoranda, notes, books, articles, journals, treatises, records, reports, correspondence or other documents or materials, including x-ray films, however designated, that the deponent has studied or reviewed regarding the care and treatment rendered to **Adaorah Abor-Watson**.

2. A copy of the deponent's current curriculum vitae.

3. A list of all cases in which the deponent has testified as an expert witness.

4. Any depositions in which the deponent expressed a medical opinion.

5. An itemized list of time, bills, correspondence, receipts, documents of any kind, charges and expenses for services or opinions rendered in this case, including an itemization for said services performed by any persons employed by the deponent or the deponent's business entity, in this case.

6. A copy of all Internal Revenue 1099 Forms for each of the past ten (10) years reflecting compensation paid to the deponent for work as an expert or consultant in matters wherein medical negligence has been alleged.

7. All correspondence, receipts, bills or documents of any kind whatsoever that would indicate or give evidence of the amount of income earned by deponent in each of the past ten (10) years as a result of testimony or review of legal matters.

8. For every case which the deponent has been approached or retained as an expert, whether or not the case actually came to court and whether or not the deponent has been listed as a witness to testify in said case, produce the case name, court designation, client's name, client's attorney's name and address, type of case and name of plaintiff and defendant(s) involved in the case.

9. Any reports, notes, correspondence or memorandums, whether preliminary or final, contained in computer or on paper, created or authored by the deponent or the deponent's business entity or anyone acting under the deponent's direction in this case, including reports created whether delivered to plaintiff's counsel or not.

10. Copies of all items which may be used by you as demonstrations, exhibits or aids in the course of your testimony at the trial of this matter.

11. Any and all financial records which would reflect the amount of gross earnings received by the deponent in each of the last ten (10) years for any medical-legal review work or testimony, either by deposition or in court.

{B0710141}

12. Any correspondence between the deponent and plaintiff or plaintiff's counsel or firm in this case, whether in written form, transmitted by E-Mail or other means of transmittal.

13. All books, treatises, articles, publications or materials which you consider authoritative with regard to your support of this case.

14. The deponent's entire file in this case.

{B0710141}